UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELCREE WHITE, JR., <br><br> Plaintiff, <br><br> v. <br><br> SETH MOHR, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00834-JDP (PC) <br><br> ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* <br><br> ECF No. 2 <br><br> SCREENING ORDER THAT PLAINTIFF: <br><br> (1) FILE AN AMENDED COMPLAINT, OR <br><br> (2) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL <br><br> ECF No. 1 <br><br> THIRTY-DAY DEADLINE |

Plaintiff Delcree White, Jr., brings this action under 42 U.S.C. § 1983, alleging that defendants Mohr and Heinkel used excessive force against him and wrongly caused him to spend months in administrative segregation. He provides minimal facts to support his claims and admits that he failed to exhaust his administrative remedies before filing this suit. I will dismiss his complaint with leave to amend so that he can explain why he should be allowed to proceed

1

despite his failure to exhaust.  Additionally, plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2, which I will grant.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff first alleges that defendant Mohr—a corrections officer at California State Prison ("CSP"), Sacramento—gave him "direct orders and prevented [him] from following them."  ECF

No. 1 at 5. Mohr then allegedly assaulted plaintiff and fractured his wrist. *Id*. Plaintiff appears to allege that, at some point thereafter, defendant Daryll Heinkel—a sergeant at CSP, Sacramento—ordered Mohr to leave plaintiff shackled in a holding cell for at least seven hours, causing him to lose feeling in his arms and legs. *Id*. Finally, he alleges that Mohr falsified documents that caused him to spend months in segregation, lose family support, and contemplate suicide. *Id*.

Plaintiff's threadbare allegations are insufficient to state a claim of excessive force under the Eighth Amendment. He does not allege facts indicating, for example, the nature of Mohr's order, how Mohr prevented him from complying, or, more generally, the events precipitating Mohr's alleged use of force. Likewise, with respect to being placed in the holding cell, he fails to describe the relevant context or the specific actions taken by either defendant. In the absence of such facts, his allegations fail to show that either defendant used force "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). His allegation that Mohr falsified documents to place him in segregation is similarly insufficient, failing to provide essential facts to plead a deprivation of due process under the Fourteenth Amendment. Last, he appears to claim that defendants violated his Fourth Amendment rights but does not indicate which facts he believes would support such a claim. Plaintiff's allegations therefore do not provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[1]

Even if his claims were adequately pled, it is evident from the face of the complaint that plaintiff failed to exhaust his available administrative remedies. "The Prison Litigation Reform Act of 1995 . . . mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). Although dismissal of a prisoner civil rights action for failure to

---

[1] Two attached grievance responses contain additional facts that might support claims under the Eighth or Fourth Amendment if they were pled as part of a "short and plain statement of the claim." Fed. R. Civ. P. Rule 8(a)(2); *see* ECF No. 1 at 7-8. If plaintiff elects to amend his complaint, he is advised to include all relevant facts in his allegations.

exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," *id.* at 1166. Plaintiff admits that he has not yet completed the grievance process for the claim at issue. ECF No. 1 at 2 (marking "no" in response to the question, "[i]s the grievance procedure completed?"). His explanation—that he had to file his complaint before completing the third-level appeal—is insufficient to excuse a failure to exhaust. *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (holding that "dismissal without prejudice" is required "when there is no presuit exhaustion").

Because there is a possibility that plaintiff's failure to exhaust should be excused, *see Albino*, 747 F.3d at 1171 (noting that "[a]n inmate is required to exhaust only *available* remedies") (emphasis in original), I will grant him a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint, if any, should clarify whether plaintiff exhausted his administrative remedies prior to filing suit; and, if he did not, it should allege in sufficient detail why this case should be allowed to proceed. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

4

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    October 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE