1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELCREE WHITE, Jr.,                      Case No.  2:22-cv-00834-JDP (PC)

12            Plaintiff,                       SCREENING ORDER THAT PLAINTIFF:

13       v.                                    (1)  PROCEED ONLY WITH CLAIMS
                                                    FOUND COGNIZABLE BELOW, OR
14   SETH MOHR, *et al*.,

15            Defendants.                       (2)  DELAY SERVING ANY
                                                    DEFENDANT AND FILE AN
16                                                  AMENDED COMPLAINT

17                                             ECF No. 18

18                                             THIRTY-DAY DEADLINE

19

20          Plaintiff Delcree White, Jr., brings this action under 42 U.S.C. § 1983, alleging that

21   defendants Mohr and Heinkel used excessive force against him, conducted a strip search in view

22   of female prison staff, kept him standing in a holding cage in mechanical restraints without

23   clothing, and filed a false disciplinary report against him that led to his placement in

24   administrative segregation.  ECF No. 18.  I dismissed his original complaint for failure to state a

25   claim.  ECF No. 15.  Plaintiff has filed a first amended complaint that remedies several of the

26   deficiencies of his original complaint, and his allegations are now sufficient to state cognizable

27   Eighth and Fourth Amendment claims.  However, his allegations related to Mohr filing a false

28   disciplinary report and his placement in solitary confinement are insufficient to state a claim.

1  Plaintiff must choose whether to proceed only with his Eighth and Fourth Amendment claims or

2  delay serving any defendant and file an amended complaint.

3  **Screening and Pleading Requirements**

4       A federal court must screen a prisoner's complaint that seeks relief against a governmental

5  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

6  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

7  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

8  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26  **Analysis**

27       In plaintiff's first amended complaint, he alleges that on November 7, 2021, defendant

28  Mohr—a corrections officer at California State Prison, Sacramento ("CSP Sacramento")—placed

him in mechanical restraints, walked him to a holding cage, and performed a search that failed to find contraband.  ECF No. 18 at 3.[1]  Mohr then told plaintiff to step into the holding cage and remove his shoes; however, he continued to hold plaintiff's left arm, preventing him from complying with the orders.  *Id.*  When plaintiff attempted to remove his shoes, Mohr "intertwined his arm" in plaintiff's and slammed him to the ground, fracturing plaintiff's hand or wrist in the process.  *Id.*  Several officers responded to the incident and piled their body weight onto plaintiff, though plaintiff does not make claims against these additional officers.  *Id.*  These allegations are sufficient to state an Eighth Amendment excessive force claim against defendant Mohr.  *See Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (explaining that a prisoner "state[s] a claim under the Eighth Amendment" when he or she alleges that "force was applied for the purpose of causing harm, *i.e.*, 'maliciously and sadistically,' rather than for legitimate reasons, such as maintaining order or discipline in the prison") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Next, plaintiff alleges that defendant Daryl Heinkel, a sergeant, responded to the incident and ordered that Mohr cut plaintiff out of his clothes for an unclothed body search, apparently because Mohr's earlier search had failed to identify contraband.  *Id.* at 4.  Plaintiff alleges that this took place in view of female guards and nurses.  *Id.*  For at least the next seven hours, defendants left plaintiff in the holding cell—unclothed, still visible to female guards and nurses, shackled with "back handcuffs and leg restraints," and unable to sit down for eighty percent of the time.  *Id.* at 4 & 8.  As a result, he claims to have suffered pain and swelling in his legs and to have experienced mental and emotional suffering.  *Id.*  He notes that Heinkel "signed and ordered the sally port holding cell log the day of the incident" in which he was documented as having refused medical x-rays; he states that he never refused or received notice of an x-ray appointment.  *Id.* at 8.

---

[1] Plaintiff's first amended complaint refers in two places to November 7, 2022.  ECF No. 18 at 3 & 5.  Because November 7, 2022, had not yet come to pass at the time of filing the first amended complaint, and because his original complaint refers to November 7, 2021, I construe his allegations as referencing that date in 2021.

These allegations potentially state both Fourth and Eighth Amendment claims.[2]  In the Ninth Circuit, "cross-gender strip searches in the absence of an emergency violate an inmate's right under the Fourth Amendment to be free from unreasonable searches." *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1146 (9th Cir. 2011); *see also Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010) ("Searches of prisoners must be reasonable to be constitutional."). Although plaintiff's allegations are somewhat vague, the holding in *Byrd* applies with sufficient clarity to satisfy the liberal pleading standard required of pro se plaintiffs.  These allegations are sufficient to survive screening as a potentially cognizable Eighth Amendment claim.  *See Hope v. Pelzer*, 536 U.S. 730, 742 (2002) (explaining that similar forms of corporal punishment, such as "handcuffing inmates to the fence and to cells for long periods of time, and forcing inmates to stand, sit or lie on crates, stumps, or otherwise maintain awkward positions for prolonged periods," constitute obvious violations of the Eighth Amendment); *see also Young v. Martin*, 801 F.3d 172, 181 (3d Cir. 2015) (holding that the defendants violated the Eighth Amendment when they restrained a prisoner in a chair for eight hours in the absence of any exigent circumstances).[3]

Finally, plaintiff alleges that Mohr filed a false report alleging that plaintiff resisted Mohr's orders and injured him, and that this report resulted in plaintiff spending six months in administrative segregation.  *Id.* at 5.  He alleges that as a result, he lost family support and

---

[2] Plaintiff does not identify the constitutional provisions or legal theories underlying his claims. *See, e.g.*, ECF No. 18 at 4 (indicating that his allegations in "Claim II" constitute claims of "false imprisonment, assault with intent, inhumane conditions").  As a prisoner proceeding without counsel, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Kobold*, 832 F.3d at 103 ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory.").

[3] Although plaintiff's allegations are sufficient to survive screening on cognizable Fourth and Eighth Amendment claims, he appears to omit several potentially significant facts, such as whether defendants conducted a cavity search, the nature of defendant Mohr's involvement in the search and subsequent confinement, whether plaintiff informed defendants that he had injured his wrist, and whether he received medical attention for his wrist.  If plaintiff elects to amend his complaint a second time, he is advised that his claims could benefit from more detailed factual support.

personal property and suffered significant mental and emotional anguish, ultimately leading to his admission to a mental hospital. *Id.* These allegations are insufficient to state a claim in the absence of additional allegations, such as whether plaintiff received a hearing or whether he was subject to additional deprivations while in administrative segregation. *See Allah v. State of California*, 182 F.3d 924, 1999 WL 273413 at *1 (9th Cir. 1999) (affirming the dismissal of a Fourteenth Amendment due process claim that the plaintiff had received solitary confinement based on two false disciplinary reports, "because [he] received hearings on both reports"); *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1315-16 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995) (holding that a "sentence in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment").

Within thirty days, plaintiff must either advise that he wishes to proceed only with his cognizable claims or delay serving any defendant and file and amended complaint. If he decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint, if any, should clarify whether plaintiff exhausted his administrative remedies prior to filing suit; and, if he did not, it should allege in sufficient detail why this case should be allowed to proceed. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his cognizable claims or delay serving any defendant and file and amended complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

5

IT IS SO ORDERED.


Dated:    November 14, 2022                                    _____
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE