UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELCREE WHITE, Jr., | Case No. 2:22-cv-00834-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| SETH MOHR, *et al.*, | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding without counsel, commenced this action against defendants Mohr and Heinkel, alleging that they violated his Fourth and Eighth Amendments. ECF Nos. 20 & 21. Defendants answered and I referred this matter by order to the court's early Alternative Dispute Resolution Program. ECF No. 27. That order was returned twice as undeliverable to plaintiff's address. Approximately four months later, defendants filed a "notice of suggestion of death," stating that they had been informed by the Merced County Probation Department that plaintiff had passed away on or about June 25, 2023. ECF No. 29. The notice also states that defendants do not know of a successor or representative for plaintiff. *Id.* at 2.

Federal Rule of Civil Procedure provides a process to employ after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). If the decedent's

1

successor or representative does not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Under California law—which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983—a cause of action against a person is generally not extinguished by that person's death. Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S. 584, 590 (1978).

The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*, defendants have some obligation to identify plaintiff's representative or successor and to serve the notice of death on that party. Accordingly, defendants are ordered to provide the court with a formal notice of plaintiff's death and to serve that notice on plaintiff's representative or successor.

Accordingly, it is hereby ORDERED that:

1. Within fourteen days of the date of this order, defendants shall file with the court a formal notice of plaintiff's death.

2. Within thirty days of the date of this order, defendants shall either:

   a. serve that notice on plaintiff's personal representative or successor in interest; or

   b. notify the court that plaintiff's representative or successor could not be located and explain the steps that defendants have taken to locate plaintiff's representative or successor. *See Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (dismissing action without prejudice after plaintiff died and defendants could not locate a successor).

3. This action is stayed for 120 days to allow defendants to comply with this order and afford plaintiff's representative or successor an opportunity to file a motion for substitution.

1   IT IS SO ORDERED.

3   Dated:   September 15, 2023                                 
                                           JEREMY D. PETERSON
                                           UNITED STATES MAGISTRATE JUDGE