UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELCREE WHITE, Jr., | Case No. 2:22-cv-00834-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER |
| SETH MOHR, *et al.*, | |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THIS ACTION BE DISMISSED |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

The court has learned that plaintiff, a former state prisoner proceeding without counsel, passed away during the pendency of this litigation. Pursuant to Federal Rule of Civil Procedure 25, plaintiff's representatives or successors in interest have been given an opportunity to continue litigating this case on his behalf. No such person has notified the court of their intent to do so. Accordingly, I recommend that this action be dismissed.

**Legal Standard**

Federal Rule of Civil Procedure 25 establishes the procedure for moving forward with litigation after a party to a civil action has died. It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a).

1

1  Under California law, which federal courts apply in determining survival of a claim under 42
2  U.S.C. § 1983, a cause of action against a person is generally not extinguished by that person's
3  death. Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S. 584, 590 (1978).

Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record and serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). If the descent's successor or representative do not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). The objective of "Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008).

**Discussion**

Defendants have satisfied both requirements of Rule 25(a). Defendants filed a formal suggestion of death on the record, ECF No. 31, and served plaintiff's successors or representatives with a suggestion of death in the same manner as required for service of a motion to substitute, ECF Nos. 32 & 34. It has been over ninety days since proof of service was filed, and no motion for substitution has been filed in accordance with Rule 25(a)(1). *See Gardner v. CSP-LAC*, No. CV-20-7519-VBF (AGR), 2023 WL 2412776, at *2 (C.D. Cal. Mar. 7, 2023) (dismissing a § 1983 action after defendants complied with the requirements of Rule 25(a) and no one filed a motion for substitution or requested an extension of time to file such a motion).

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3